United States District Court
Southern District of Texas
**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HERZON ALEXANDER AZUAJE DIAZ, §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§<br>GRANT DICKEY, *et al.*, §<br>§<br>Respondents. §<br> | CIVIL ACTION NO. 4:26-CV-00951 |

## **ORDER**

Before the Court are Petitioner Herzon Alexander Azuaje Diaz's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #7), and Petitioner's Response to the Motion for Summary Judgment (Doc. #8). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.[1]

Petitioner Herzon Alexander Azuaje Diaz ("Petitioner"), a citizen of Venezuela, entered the United States without inspection on or about January 7, 2022. Doc. #7, Ex. 1 at 2. The Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Petitioner with being inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id.* at 5. On November 13, 2025, Petitioner was arrested following a traffic stop and transferred to the custody of Immigration and Customs Enforcement

---

[1] The Court has withdrawn the referral to the Magistrate Judge. Doc. #11. Accordingly, the Court declines to consider the Report and Recommendation issued on March 27, 2026. Doc. #9.

("ICE"). Doc. #1 at 3. Petitioner is currently detained at the Joe Corley Detention Center. *Id.* The parties do not dispute that Petitioner has no criminal convictions, and the record contains no evidence suggesting that he is a flight risk or danger to the community. *Id.*; Doc. #7.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #7 at 2–5. Petitioner argues his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 6; Doc. #8 at 2–4. Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has no criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #7. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2

2.  Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3.  Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4.  Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5.  Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6.  All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

JUN 0 2 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge